# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0225V
UNPUBLISHED

| | |
|---|---|
| JOSEPH MIRELES,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 21, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

  On February 8, 2019, Joseph Mireles filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on October 11, 2017. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On April 1, 2020, a ruling on entitlement was issued finding Petitioner entitled to compensation for SIRVA. On May 21, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $67,337.43 (representing $65,000.00 for pain and suffering and $2,337.43 for past unreimbursable out-of-pocket medical expenses). Proffer at 1. In the Proffer, Respondent represented

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>67,337.43</u>** (representing $65,000.00 for pain and suffering and $2,337.43 for past unreimbursable out-of-pocket medical expenses) **in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOSEPH MIRELES, ) | |
| ) | |
| Petitioner, ) | No. 19-225V |
| ) | Chief Special Master |
| v. ) | Brian H. Corcoran |
| ) | SPU |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 8, 2019, Joseph Mireles ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on April 1, 2020. Based on Respondent's Rule 4(c) Report, on April 1, 2020, the Chief Special Master found petitioner entitled to compensation for his right shoulder SIRVA injury.

### I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $67,337.43. The award is comprised of $65,000.00 for pain and suffering and $2,337.43 for past unreimbursable out-of-pocket medical expenses. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$67,337.43**, in the form of a check made payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                Respectfully submitted,

                JOSEPH H. HUNT
                Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                CATHARINE E. REEVES
                Deputy Director
                Torts Branch, Civil Division

                ALEXIS B. BABCOCK
                Assistant Director
                Torts Branch, Civil Division

                s/Althea Walker Davis
                ALTHEA WALKER DAVIS
                Senior Trial Counsel
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C.  20044-0146
                Tel: (202) 616-0515

DATED:  May 20, 2020

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.